Peter **CLARK** and Bruce A. **Morrison**,
Appellants,

v.

Lucy T. **HAMMER**, Individually and in her
capacity as Chairman, Board of Directors, Connecticut Student Loan Foundation, et al., Defendants.

Civ. A. No. 14824.

United States District Court,
D. Connecticut.

June 27, 1973.

Peter Clark and Bruce A. Morrison appeared pro se.

Ralph G. Elliot, Alcorn, Bakewell & Smith, Hartford, Conn., for defendants.

Before ANDERSON, Circuit Judge, and ZAMPANO and NEWMAN, District Judges.

## MEMORANDUM OF DECISION FINDINGS OF FACT AND CONCLUSIONS OF LAW

ROBERT P. ANDERSON, Circuit Judge:

This case, brought by two students, is a constitutional challenge to the residency eligibility requirements which are prerequisites for loan guarantees by the Connecticut Student Loan Foundation. Jurisdiction is based upon 42 U.S.C. § 1983; 28 U.S.C. § 1343, and because injunctive relief was sought, a three-judge district court was convened, 28 U.S.C. §§ 2281, 2284.

The plaintiffs, Peter Clark and Bruce Morrison, both moved to New Haven, Connecticut, in September, 1970, and began first year studies at the Yale Law School. They have continued, thereafter, to live in New Haven, attending school and working part time during most of the year and engaging in full time employment during the summers.

They graduated from the Yale Law School in June, 1973. Both plaintiffs are married and their wives have been employed full time in Connecticut. The plaintiffs are registered voters in New Haven and have Connecticut driver's licenses and automobile registrations. Both claim Connecticut as their domicile and residence.

The defendant Connecticut Student Loan Foundation (CSLF) is a non-profit corporation established by Conn.Gen. St. § 10–358 et seq.; defendant Lucy Hammer is the Chairman of the Board of Directors; and defendant Vincent Maiocco is its Executive Director. Working in partnership with the federal Guaranteed Educational Loan Program, 20 U.S.C. § 1071 et seq., CSLF insures, against default, loans of up to $1500 a year made to students for educational purposes by private lending institutions. In addition to this guarantee, which is usually an inducement needed by the lender to make the loan, the CSLF benefits the student by enabling the interest charges to be paid while the borrower is in school (and for a short time thereafter) and by paying 10% of the principal of the loan if the student successfully completes the educational program for which the loan was made.

Although it is stipulated that the plaintiffs were otherwise qualified for a CSLF loan guarantee for the academic year 1970–71, their efforts to obtain one were unsuccessful because Conn.Gen.St. § 10–361(a) [1] prohibits such guarantees to anyone who has not been a resident of Connecticut for at least one year before making application to CSLF.[2] For the 1971–72 school year, the plaintiffs were each promised loans of $1500 by the New Haven Savings Bank, provided the CSLF would guarantee them; however, the CSLF refused solely because of its regulation, § 1(C)(2),[3] that no person may gain a residency in Connecticut while a student. For the 1972–73 year, the plaintiffs also applied for loans, but the Bank withheld consideration of them because of this regulation.

Subsequent to the hearing in this case, the Supreme Court noted probable jurisdiction in Vlandis v. Kline, 409 U.S. 1036, 93 S.Ct. 521, 34 L.Ed.2d 485 (December 4, 1972), and we withheld our disposition of this case pending the Supreme Court's decision in Vlandis which has recently been handed down, Vlandis v. Kline, 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63 (June 11, 1973). The two issues presented by this case are resolved by the opinion and judgment in *Vlandis*. That case dealt with a Connecticut statute which prohibited students in the State universities, who were not Connecticut residents when they ap-

1. Conn.Gen.St. § 10–361(a), in pertinent part, reads:
   "The board of directors shall have the following powers:
   (a) To lend or guarantee the loan of money, upon such terms and conditions as the board may prescribe, within the limitations contained in this chapter, to persons who are residents of this state, for at least one year prior to making application under this chapter, and who are attending or plan to attend eligible institutions in this state or elsewhere, to assist them in meeting their expenses of education; provided no such person shall receive any loan or loans in excess of fifteen hundred dollars for any school year and provided no such person shall at any one time have a total loan balance outstanding of more than seventy-five hundred dollars, or such other amounts as the corporation may authorize in conformance with applicable federal laws and regulations. . . . ."

2. In light of our disposition of this case, we need not consider the defendant's claims that the plaintiffs lack standing to contest a denial of a guarantee for 1970–71 or that the issue is moot.

3. Regulation § 1(C)(2) of the Connecticut Student Loan Foundation reads:
   "No person is deemed to have gained or lost a residence in this State while a student at any institution of learning except by changes effected under (1), (3), (6), herewith [which do not apply to this case]."

**478**

plied for university admission, from ever showing that they had become residents and entitled to lower tuition payments. The Court held that such a permanent irrebuttable presumption of non-residency was unconstitutional as violative of the due process clause. Therefore, CSLF Regulation § 1(C)(2), which creates a similar irrebuttable presumption, is also unconstitutional.

■ In *Vlandis* the Court also reaffirmed its summary decision in Starns v. Malkerson, 401 U.S. 985, 91 S.Ct. 1231, 28 L.Ed.2d 527 (1971), affirming, 326 F.Supp. 234 (D.Minn.1970), which held that a one year durational residency requirement in order to obtain lower tuition at a state university was constitutional. Therefore, the similar residency requirement imposed by Conn.Gen.St. § 10–361(a) as a condition to the CSLF's guarantee of loans is also constitutional.

■ In their complaint the plaintiffs sought injunctive relief including, among other things, that the CSLF guarantee their 1972–73 loan and that it grant retroactive loans for the previous two years. At this point, however, injunctive relief is not appropriate. Both plaintiffs have finished the course for which loans could be granted and damages are adequate to compensate for any loss arising from the unconstitutional application of Regulation § 1(C)(2) to them. There are, however, some unresolved questions on the damage issue and we therefore remand the case to a single judge to determine what damages, if any, should be awarded.

We therefore declare Conn.Gen.St. § 10–361(a) constitutional, and Connecticut Student Loan Foundation Regulation § 1(C)(2) unconstitutional insofar that it prohibits a student from ever gaining a Connecticut residency. We deny injunctive relief, but remand to a single judge for consideration of the issue of damages.

Judgment shall enter accordingly. No costs will be taxed to either party.